CAROLINE FULLAM *vs.* HENRY McKENNY.

The mere fact that an action in which judgment has been rendered for the defendant for costs was brought in the plaintiff's name, without his consent, is no ground for granting a review.

PETITION for a writ of review of a judgment for the respondent in the justices' court of Suffolk for costs in an action brought against him by the petitioner for an injury to two pews in a church in Boston, upon which execution was issued and levied by sale of the pews.

At the hearing in the superior court of Suffolk at May term 1859, it appeared that the petitioner lived in Lowell; and that Abel Fullam conveyed the pews to her by a deed, absolute form, but intended only as security for a debt; and, in accordance with the agreement between them, continued to have the care and control of the pews, with authority to receive the rents and sell the pews at his discretion, and apply the proceeds towards the extinguishment of the debt; and brought the original action in her name, without consulting the petitioner, and without her knowledge, or any express instructions or authority so to do.

Fullam *v.* McKenny.

*Morton,* J., being of opinion that this evidence showed an implied authority to use the petitioner's name in a suit for a trespass or injury to the pews, dismissed the petition, and the petitioner alleged exceptions.

*J. G King,* for the petitioner.

*A. C. Clark,* for the respondent, was stopped by the court.

CHAPMAN, J. It appears by the bill of exceptions that the petitioner took an absolute title to the pews in question, and that therefore, if an injury was done to them, an action against the wrongdoer must be brought in her name. But the conveyance to her, though absolute in form, was intended to be a mere security for a debt due to her from Abel Fullam, her vendor; and by her agreement he was left in possession of the property, with the right to manage, rent and sell the same, accounting to her for the proceeds. The implied authority to use her name in this suit is very strong; and if he has abused it, her remedy would seem to be by an action against him.

Nor would a review, if granted, afford the petitioner the relief which she seeks. Her object is to quash the whole proceedings as erroneous and void. She contends that the court had no authority to render judgment or issue execution against her, and that the sale of her pews on the execution was invalid, because, as she alleges, a stranger has used her name as plaintiff without her authority or knowledge. But if a writ of review were to issue, it would connect her with the suit as plaintiff. She would cause the defendant to be summoned in to answer to the allegations of the original writ. She would thus make the writ her own, and could no longer treat it as being utterly void. She would also adopt the original entry of the action in court; and having adopted it to this extent, she could not consistently allege that the court had not sufficient jurisdiction of it to render a valid judgment in favor of the defendant for his costs. If she could make it appear, on a hearing of the cause, that judgment ought to be rendered in her favor, the error of the first judgment would be corrected by a new one, but not by quashing the whole proceeding. See Rev. Sts. c. 99. *Exceptions overruled.*